# Exhibit A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 30346516**
**Date Processed: 11/27/2024**

| | |
|---|---|
| **Primary Contact:** | Felicity Lewis<br>Lux Vending LLC<br>2870 Peachtree Rd NW<br># 327<br>Atlanta, GA 30305-2918 |
| **Electronic copy provided to:** | Legal Department<br>Courtney deGuzman |
| **Entity:** | Lux Vending, LLC<br>Entity ID Number  4092607 |
| **Entity Served:** | Lux Vending LLC |
| **Title of Action:** | Kathy Neilson vs. John Doe |
| **Matter Name/ID:** | Kathy Neilson vs. John Doe (16573082) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Fairfax County Circuit Court, VA |
| **Case/Reference No:** | CL-2024-0015536 |
| **Jurisdiction Served:** | Virginia |
| **Date Served on CSC:** | 11/26/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Chap Petersen & Associates, PLC<br>571-459-2510 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SPS

**COMMONWEALTH OF VIRGINIA**
**CIRCUIT COURT OF FAIRFAX COUNTY**
*4110 CHAIN BRIDGE ROAD*
**FAIRFAX, VIRGINIA 22030**
**703-691-7320**
**(Press 3, Press 1)**

Kathy Neilson vs. John Doe et al.

CL-2024-0015536

TO:     Lux Vending LLC
        Serve: Corporation Service Company
        100 Shockoe Slip, Fl. 2
        Richmond VA 23219

## SUMMONS – CIVIL ACTION

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the Clerk's office of this Court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

**APPEARANCE IN PERSON IS NOT REQUIRED BY THIS SUMMONS.**

Done in the name of the Commonwealth of Virginia, on November 4, 2024.

CHRISTOPHER J. FALCON, CLERK

By: _____
            Deputy Clerk

Plaintiff's Attorney: J. Chapman Petersen

# FAIRFAX CIRCUIT COURT
## CIVIL CASE COVERSHEET

2024 15536

**Parties:**

| Plaintiffs | Defendants |
|---|---|
| 1. Kathy Neilson | 1. John Doe |
| 2. | 2. Lux Vending, LLC. |
| 3. | 3. |

*Plaintiff proceeding without Counsel – Address and Daytime Phone Number required on Complaint

**Plaintiff/Attorney for Plaintiff:**

Name: Patrick R. Corish     Bar ID: 99909

Firm: Chap Petersen & Associates, PLC.

Street: 3970 Chain Bridge Road

City: Fairfax     State: VA     Zip: 22030

Phone Number: 571-407-7672     Fax Number: 571-459-2380

E-mail Address: prc@petersenfirm.com

**Nature of Complaint** (Check only one)     * Cases in the Civil Tracking Program

| | | |
|---|---|---|
| Administrative Appeal | Defamation * | Malpractice – Medical * |
| Affirmation of Marriage | Delinquent Taxes * | Mechanics/Vendors Lien * |
| Aid & Guidance | Eminent Domain | Partition * |
| Appeal Decision of Board of Zoning | Encumber/Sell Real Estate | Personal Injury – Assault * |
| Appeal of Process/Judicial Appeal | Erroneous Assessments | Personal Injury – Auto * |
| Appointment Church/Organization Trustees | Expungement | Personal Injury – Emotional * |
| Arbitration | False Arrest/Imprisonment* | Personal Injury – Premises Liability* |
| Attachment | Fiduciary/Estate Complaint | Property Damage* |
| Complaint – Equity * | Garnishment–Federal–180 days | Products Liability* |
| ✓ Complaint – Legal Cause of Action * | Garnishment–Wage–180 days | Quiet Title * |
| Compromise Settlement | Garnishment–Other – 90 days | Real Estate * |
| Condemnation* | Guardian/Conservator Adult | Restoration of Driving Privilege |
| Confession of Judgment | Guardianship/Minor | Vital Record Correction |
| Construction * | Injunction | Writ Habeas Corpus |
| Contract * | Interpleader | Writ Mandamus |
| Conversion* | Insurance * | Wrongful Death* |
| Court Satisfaction of Judgment | Judicial Review | Wrongful Discharge * |
| Declare Death | Malicious Prosecution * | OTHER: |
| Declaratory Judgment * | Malpractice – Legal * | |

Damages in the amount of $ 15,000.00 are claimed.

Requested Service: Sheriff☐ Private Process Server☐ DMV✓ Secretary of Commonwealth☐
State Corporation Commission☐ Publication☐ No Service at this time☐

CCR D-90 Civil Coversheet (Revised – July 2024)

VIRGINIA:

### IN THE CIRCUIT COURT OF FAIRFAX COUNTY
Civil Division

| | |
|---|---|
| **KATHY NEILSON**<br><br>*Plaintiff,*<br><br>v.<br><br>**JOHN DOE**<br><br>and<br><br>*Lux Vending, LLC.*<br>Serve: Corporation Service Company<br>100 Shockoe Slip Fl. 2,<br>Richmond, VA 23219<br><br>*Defendants* | Case No.: _____ |

**2024 15536**

2024 NOV -1 PM 3:19
CLERK, CIRCUIT COURT
FAIRFAX, VA
FILED CIVIL INTAKE

## COMPLAINT

COMES NOW, Kathy Neilson (the "Plaintiff" or "Ms. Neilson"), by counsel. who states the following as her Complaint against Defendants John Doe and Lux Vending, LLC.:

### PARTIES

1.    Kathy Neilson is a natural person who is a resident of Fairfax County, Virginia.

2.    John Doe ("Mr. Doe") is an anonymous person who has conducted activities or fraudulently induced the Plaintiff to conduct activities within Fairfax County.

3.    Lux Vending, LLC. d/b/a Bitcoin Depot ("Bitcoin Depot") is a limited liability company incorporated in the State of Delaware, registered to do business in Virginia, whose registered agent is located 100 Shockoe Slip Fl 2, Richmond, VA 23219.

### JURISDICTION AND VENUE

4.    The jurisdiction of this Court is property under is proper under 8.01-328.1(A).

5.    Venue is proper under Va. Code §8.01-261.

## STATEMENT OF FACTS

6.    On or around, November 8, 2023, Ms. Neilson received false messages from Mr. John Doe posing as a bank official from Truist Bank. *See attached*, Exh. A.

7.    She was then instructed by Mr. Doe to deposit $15,000 in cash into a "crypto machine" (the "Bitcoin ATM" or the "Machine") located at The Bodega Market, 2730 Gallows Road, Vienna, VA 22180 (the "Bodega Market").

8.    The purpose of which was to safeguard Ms. Neilson's money from blackmail and extortion.

9.    On the same day, Ms. Neilson went to the Bodega Market and deposited $15,000.00 into the Bitcoin ATM as instructed. An image of the Machine is *attached as* Exh. B.

10.    The Bitcoin ATM is owned and operated by Bitcoin Depot.

11.    The Bitcoin ATM was operated by Bitcoin Depot as part of its money transmitter business.

12.    Despite conducting money transmitting activities in the Commonwealth of Virginia, Bitcoin Depot did not have a Virginia license authorizing it to conduct money transmitting activities in the Commonwealth.

13.    Ms. Neilson's deposits were made in two payments: (1) of $10,200, and (2) for $4,800.

14.    Ms. Neilson received two other receipts via text that same day showing the transfer of funds were made as instructed. *See attached*, Exh. C.

15.    Despite these instructions, the text messages and instructions were not made by a member of Truist Bank.

16.     Ms. Neilson was not provided with any other information or confirmation about where her funds had been transferred to; or how she could access them in the future.

17.     In fact, the "crypto-wallet" that was the destination of Ms. Neilson's transfer had later been emptied, and Ms. Neilson's $15,000.00 removed.

## COUNT I: FRAUD
### (Against John Doe)

18.     The Plaintiff restates and incorporates all paragraphs stated above.

19.     The tort of fraud in the Commonwealth of Virginia is where a party (1) makes a false representation; (2) of material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) that was relied on by the party misled (6) resulting in damage to the party mislead. See *Elliot v. Shore Stop, Inc.*, 238 Va. 237, 244 (1989).

20.     The Defendant falsely represented himself as a bank official of Truist Bank to Ms. Neilson.

21.     This was a material fact, since without a representation that he was a bank official from Ms. Neilson's bank, she would not have considered his instructions credible or authoritative.

22.     Mr. Doe's representations were made intentionally and knowingly in order to receive a transfer of cash through the Bodega Market's crypto machine.

23.     The statement was made with the intent to mislead, and cause Ms. Neilson to transfer money to the Defendant under these false pretenses.

24.     Ms. Neilson relied on these false misrepresentations and complied with the Defendant's instructions.

25.     This caused damage to Ms. Neilson in the amount of $15,000.00.

## COUNT II: NEGLIGENCE *PER SE*
### (Against Bitcoin Depot)

26.     The Plaintiff restates and incorporates all paragraphs stated above.

27.     Bitcoin Depot is a "money transmitter" for the purposes of Va. Code §6.2-1900.

28.     All money transmitters engaged in business of money transferring in Virginia are required to obtain a license to conduct such business in Virginia by the State Corporation Commission's Bureau of Finance; *see* Va. Code §6.2-1901.

29.     Failure to obtain a license under Va. Code §6.2-1901 constitutes a Class 1 misdemeanor under Va. Code §6.2-1921.

30.     Additionally, it is a requirement of federal law to be licensed in the subject state prior to the conducting of any money transmitting business; *see* 18 USCS §1960.

*31.*     *Ex es intellegitur*, anyone who is in breach of Va. Code §6.2-1901 is in breach of 18 USCS §1960' federal prohibition.

32.     A negligence *per se* cause of action based on a statutory violation requires a showing that (i) the tortfeasor had a duty of care to the plaintiff, (ii) the standard of care for that duty was set by statute, (iii) the tortfeasor engaged in acts that violated the standard of care set out in the statute, (iv) the statute was enacted for safety reasons, (v) the plaintiff was a member of the class protected by the statute, (vi) the injury was of the sort intended to be covered by the statute, and (vii) the violation of the statute was a proximate cause of the injury. See *Parker v. Carilion Clinic*, 296 Va. 319, 346, 819 S.E.2d 809, 825 (2018); *Parker v. Carilion Clinic*, 296 Va. 319, 819 S.E.2d 809 (2018).

33.     Defendant Bitcoin Depot owed a duty of care to Ms. Nielson to comply with Virginia's licensing requirements for money transmitters.

34.     The standard of care for this duty is set by Va. Code §6.2-1901, which mandates that all money transmitters be licensed.

35.     Defendant Bitcoin Depot's failure to obtain the required license constitutes a violation of the standard of care established by the statute.

36.     Va. Code §6.2-1901 was enacted safety reasons, specifically to protect consumers from fraud and financial harm, as well as protecting the United States from criminal and terroristic money transfers and laundering.

37.     Ms. Neilson is a member of the class protected by this statute, as she is a consumer engaging in a financial transaction with a money transmitter. The prohibition of unlicensed money transmitting is for the "public welfare"; see *United States v. Bariek*, 205 U.S. Dist. LEXIS 44552 at *8-9.

38.     The injury suffered by Ms. Neilson, namely the loss of $15,000, is one of the types of harm the statute was intended to prevent.

39.     Defendant Bitcoin Depot's violation of Va. Code §6.2-1901 was a proximate cause of Ms. Neilson's injury, as their failure to comply with licensing requirements facilitated the fraudulent transaction.

40.     Therefore, Bitcoin Depot is liable to Ms. Nielson for compensatory damages in the amount of $15,000, plus interest, costs, and such other relief as this Court deems just and proper, on the grounds that Bitcoin Depot is liable to Ms. Neilson for negligence per se due to its violation of Va. Code §6.2-1901 and 18 USCS §1960 which establishes its duty of care, breach of statutory standard of care, and the resultant harm to Ms. Neilson.

## JURY DEMANDED

41.    Plaintiff demands a trial by jury pursuant to Va. Code §8.01-336 and Va. Sup. Ct.

R. 3:21.

## PRAYER FOR RELIEF

WHEREFORE, with the above premises considered, the Plaintiff seeks the following relief

against the Defendants:

    I.      Damages in the amount of $15,000.00.

    II.     Punitive damages in the amount of $350,000.00.

    III.    Any and all further relief this Court deems fair and equitable.


Dated: October 30, 2024                                          Respectfully submitted,

                                                                Kathy Nielson

                                                                By Counsel


By: _____
*J. Chapman Petersen, Esq., VSB No. 37225*
Patrick R. Corish, Esq., VSB No. 99909
Chap Petersen & Associates, PLC
3970 Chain Bridge Road
Fairfax, Virginia 22030
(571) 459-2510 – Direct Dial
(571) 459-2307 – Facsimile
jcp@petersenfirm.com
prc@petersenfirm.com
*Counsel for Plaintiff*

# EXHIBIT A



Sent from my iPhone

# EXHIBIT B



# EXHIBIT C



 **Transaction Receipt**

11/8/23, 4:42 PM EST
Order: QVHA4UI7
Mobile: +15712286694
Type: buy
Status: pending coins send
Price: 46,560.19 USD
Cash: 4,800 USD
Service Fee: 3 USD
BTC sent: 0.10302793 BTC
BTC address: bc1qhp8v25q
d36c3g49d9tawrdqqduxfeg9rpuevd7
************************
Thank you for using Bitcoin Depo
t!
Text 678-435-9604 for Support!
Mailing Address:
Bitcoin Depot
2870 Peachtree Rd. NW #32/
Atlanta, GA 303ᵒᵗ